IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-00063-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| GIVONNI MARCIES SURLES, | ) |
| | ) |
| Defendant. | ) |

On April 14, 2021, Givonni Marcies Surles ("Surles" or "defendant") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 66]. On April 28, 2021, the United States responded in opposition [D.E. 68]. On June 10, 2021, Surles replied [D.E. 72]. As explained below, the court denies Surles's motion.

I.

On February 11, 2020, pursuant to a written plea agreement, Surles pleaded guilty to possessing a firearm as a convicted felon. See [D.E. 1, 44, 46]. On August 19, 2020, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 61]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Surles's total offense level to be 27, his criminal history category to be IV, and his advisory guideline range to be 100 to 120 months' imprisonment. See PSR [D.E. 56] ¶¶ 71–72. After granting the government's motion for a downward departure and thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Surles to 60 months' imprisonment. See [D.E. 62] 2. Surles did not appeal.

On April 14, 2021, Surles moved for compassionate release. See [D.E. 66]. The government opposes the motion. See [D.E. 68].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine "that the defendant is not a danger to the safety of any other person or the community." Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements issued by the" United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with "a serious deterioration in physical and mental health" due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

2

extraordinary and compelling reason. U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states that

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

      (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

      (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

      that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.—

      (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

      (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

"an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, "the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021), cert. denied, No. 21-5624, 2021 WL 4733616 (U.S. Oct. 12, 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "U.S.S.G. § 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31 (cleaned up). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 283–84. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section

---

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis omitted).

4

3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–09 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Surles seeks compassionate release. See [D.E. 66]. In his motion, Surles contended he exhausted his administrative remedies before filing the motion. See id. at 2. The government responded that Surles failed to exhaust his administrative remedies and sought dismissal of Surles's motion on that ground. See [D.E. 68] 18–19; [D.E. 68-2]. Surles moved for, and the court granted, an extension of time in order for Surles to pursue administrative relief. See [D.E. 70–71]. On June 10, 2021, Surles replied to the government's response in opposition to Surles's motion for compassionate release and asserted that he petitioned the warden at FCI Beckley for compassionate release, and the warden did not respond within 30 days. See [D.E. 72] 1; [D.E. 72-1] (letter seeking administrative relief). Accordingly, Surles has exhausted his administrative remedies, and the court addresses his motion on the merits. See 18 U.S.C. § 3582(c)(1)(A).

Surles seeks compassionate release pursuant to section 3582(c)(1)(A). In support, Surles cites the COVID-19 pandemic, his health condition (pulmonary sarcoidosis), his former smoking habit, and his supportive family. See [D.E. 66]. The "medical condition of the defendant" policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Surles argues that his sarcoidosis and the health implications of his former smoking habit make him more likely to contract and die from COVID-19. See [D.E. 66] 7–10. However,

5

Surles's medical records indicate he told the BOP he was a nonsmoker. See [D.E. 68-3] 3 ("Tobacco Usage: Denied"). And the government contends that sarcoidosis is not a disease that places Surles at a heightened risk of serious infection if he contracts COVID-19. See [D.E. 68] 21–22. The court assumes without deciding that Surles has a former smoking habit and that sarcoidosis may put Surles at a higher risk of serious infection should he contract COVID-19. However, Surles has already contracted and recovered from COVID-19, thus obtaining natural antibodies. See [D.E. 66] 2–3. Furthermore, Surles is fully vaccinated against COVID-19. See [D.E. 68-1, 74-1];[2] cf. United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). Accordingly, reducing Surles's sentence is inconsistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic and Surles's sarcoidosis and former smoking habit are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). At the same time, the wide availability of COVID-19 vaccines greatly diminishes the weight of that assumption. Cf. Broadfield, 5 F.4th at 803. Regardless, the section 3553(a) factors counsel against reducing Surles's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

---

[2] The court grants the government's motion to seal Docket Entry 74. See [D.E. 75].

6

Surles is 35 years old and is incarcerated for possessing a firearm as a convicted felon. See PSR ¶¶ 1–11. When law enforcement discovered the stolen firearm while executing a search warrant at Surles's residence, law enforcement also found 45.98 grams of cocaine, 284.45 grams of marijuana, and 150 dosage units of Alprazolam. See id. ¶¶ 7, 61. Surles claimed responsibility for the drugs. See id. ¶ 7. Surles is a recidivist with convictions for possession of cocaine, selling cocaine (two counts), possession of marijuana (four counts), possession of drug paraphernalia (two counts), possession with intent to sell marijuana, resisting a public officer, and attempted trafficking of opiates. See id. ¶¶ 16–31. Surles has not performed well on supervision, including violating conditions of his pretrial release before his arraignment in this case. See id. ¶¶ 21, 23, 28, 31; [D.E. 36].

The court also has considered Surles's rehabilitation efforts,[3] potential exposure to COVID-19, medical conditions, and release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). The court also recognizes Surles has a supportive family, especially his mother and significant other. See [D.E. 66] 4–6. Having considered the entire record, the steps that the BOP has taken to address COVID-19 and to treat Surles, the section 3553(a) factors, Surles's arguments, the government's persuasive response, and the need to punish Surles for his serious criminal behavior, to incapacitate Surles, to promote respect for the law, to deter others, and to protect society, the court denies Surles's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d

---

[3] Surles does not state whether he has taken any vocational or education training courses while incarcerated. See [D.E. 66]. However, the court recognizes and takes into account that it sentenced Surles during the COVID-19 pandemic and such opportunities currently may be limited or unavailable.

7

at 1008-09; Chambliss, 948 F.3d at 693-94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for Surles's request for home confinement, see [D.E. 66] 10-11, Surles seeks relief under the CARES Act. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1-2 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). To the extent Surles requests that the court merely recommend home confinement to the BOP, the court declines. Thus, the court dismisses Surles's request for home confinement.

II.

In sum, the court GRANTS the government's motion to seal [D.E. 75], DENIES defendant's motion for compassionate release [D.E. 66], and DISMISSES defendant's request for home confinement.

SO ORDERED. This 19 day of October, 2021.

JAMES C. DEVER III
United States District Judge