IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-63-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| GIVONNI MARCIES SURLES, ) | |
| ) | |
| Defendant. ) | |

On June 29, 2022, Givonni Marcies Surles ("Surles" or "defendant"), proceeding pro se, moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 78]. On July 10, 2023, Surles moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Amendment 821 ("Amendment 821") [D.E. 81]. On October 3, 2023, Surles, through counsel, filed a memorandum in support of his compassionate release motion [D.E. 82] and a medical report [D.E. 83]. On November 14, 2023, the government responded in opposition to Surles's compassionate release motion [D.E. 92]. On November 27, 2023, Surles replied [D.E. 93]. On December 13, 2023, the government filed a surreply [D.E. 94]. On April 19, 2024, the United States Probation Office ("Probation") filed a probation report stating that Amendment 821 applies to Surles but does not lower his advisory guideline range. See [D.E. 99]. As explained below, the court denies Surles's motions for a sentence reduction and for compassionate release.

I.

On February 11, 2020, pursuant to a written plea agreement, Surles pleaded guilty to possession of a firearm by a convicted felon. See [D.E. 44, 46]. On August 19, 2020, the court

held Surles's sentencing hearing. See [D.E. 61, 62, 90]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); Sent. Tr. [D.E. 90] 4. The court calculated Surles's total offense level to be 27, his criminal history category to be IV, and his advisory guideline range to be 100 to 120 months' imprisonment. See PSR [D.E. 56] ¶ 72; Sent. Tr. 4–5. After granting the government's downward departure motion and thoroughly considering all section 3553(a) factors, the court sentenced Surles to 60 months' imprisonment. See Sent. Tr. 6–9; [D.E. 61, 62]. Surles did not appeal.

On April 14, 2021, Surles, through counsel, moved for compassionate release under the First Step Act. See [D.E. 66]. On April 28, 2021, the government responded in opposition. See [D.E. 68]. On June 10, 2021, Surles replied. See [D.E. 72]. On October 19, 2021, the court denied Surles's motion for compassionate release. See [D.E. 77].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

2

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist, and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 585 U.S. 109, 117–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); United States v. Davis, ___ F.4th ___, 2024 WL 1662931, at *6–7 (4th Cir. Apr. 18, 2024); McCoy, 981 F.3d at 286 n.9.

3

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a).[1] U.S.S.G. § 1B1.13(b) lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b). A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

---

[1] Surles argues that the court must use the advisory guidelines in effect when he filed his motion for compassionate release on June 29, 2022, which do not include the amendments that took effect on November 1, 2023. See [D.E. 93] 1–2. The government responds that the court must use the advisory guidelines in effect when the court decides the motion, which includes the amendments that took effect on November 1, 2023. See [D.E. 94] 1–2. The government is correct. See U.S.S.G. § 1B1.10 cmt. n.9 ("[T]he court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."); see, e.g., United States v. Kellam, No. 5:06-CR-41, 2024 WL 477023, at *2 n.3 (W.D. Va. Feb. 7, 2024) (unpublished) (applying application note 9 to a compassionate release motion under section 3582(c)(1)); United States v. Richardson, Cr. No. 17-390, 2023 WL 8478910, at *5 n.3 (D. Md. Dec. 7, 2023) (unpublished).

4

On June 19, 2021, Surles applied to his warden for compassionate release. See [D.E. 78-1]. Surles's warden did not respond. See [D.E. 82] 4. The government does not contest exhaustion. See [D.E. 92]. Therefore, the court addresses Surles's motions on the merits. See Ferguson, 55 F.4th at 268; Muhammad, 16 F.4th at 129–30.

Surles seeks compassionate release pursuant to section 3582(c)(1)(A). In support, Surles argues that extraordinary and compelling circumstances exist because: (1) his advisory guideline range would be lower based on changes to the definition of "controlled substance offenses," and (2) he has sarcoidosis, which raises his risk of severe illness or death from COVID-19. See [D.E. 78] 2; [D.E. 82] 4–8.

As for the "medical circumstances of the defendant" policy statement, the policy statement requires, in part, that the defendant be "housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;" be "at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency" because of "personal health risk factors and custodial status"; and "such risk cannot be adequately mitigated in a timely manner." U.S.S.G. § 1B1.13(b)(1)(D). "To establish that the risk posed by COVID-19 presents an 'extraordinary and compelling reason' for release [under this subsection], a defendant must allege that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that his preexisting medical condition increases his risk of experiencing a serious, or even fatal, case of COVID-19." United States v. Brown, 78 F.4th 122, 128 (4th Cir. 2023) (quotation and alteration omitted); see High, 997 F.3d at 185. This "inquiry is multifaceted and must account for the totality of the relevant circumstances." Bethea, 54 F.4th at 832 (quotations omitted); see

5

Hargrove, 30 F.4th at 198. Courts examine whether "an inmate shows both a particularized susceptibility to COVID-19 and a particularized risk of contracting the disease at his prison facility." Brown, 78 F.4th at 128 (quotation omitted); see Hargrove, 30 F.4th at 196.

Surles is fully vaccinated against COVID-19. See [D.E. 68-1]; [D.E. 74-1]; [D.E. 77] 6. The vaccine provides protection against COVID-19. See, e.g., Davis, 2024 WL 1662931, at *4; United States v. Salas, No. 22-6371, 2023 WL 3918695, at *2 (4th Cir. June 9, 2023) (per curiam) (unpublished) ("[I]t is undisputed that Salas's risk is lowered due to his vaccination status."); United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release"); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Baeza-Vargas, 532

6

F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Surles from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Thus, Surles fails to show any "particularized susceptibility to COVID-19." Brown, 78 F.4th at 128 (quotation omitted).

Surles also fails to show "a particularized risk of contracting the disease at his prison facility." Brown, 78 F.4th at 128 (quotation omitted). BOP houses Surles at Edgefield FCI. See [D.E. 78-2]; BOP, Find an inmate, https://www.bop.gov/mobile/find_inmate/byname.jsp (search by inmate name) (last visited May 3, 2024). BOP has vaccinated 1,081 inmates at Edgefield FCI and has zero open cases of COVID-19 among inmates. See BOP, Inmate COVID-19 Data, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited May 3, 2024). BOP's aggressive vaccination efforts and robust COVID-19 procedures decrease Surles's risk of contracting the disease at Edgefield FCI. See id. Therefore, reducing Surles's sentence because of his alleged risk factors and the general risk of COVID-19 in the prison environment does not comport with U.S.S.G. § 1B1.13(b)(1)(D). See 18 U.S.C. § 3582(c)(1)(A); see, e.g., Davis, 2024 WL 1662931, at *4.

To the extent Surles argues his sarcoidosis alone is an extraordinary and compelling circumstance, the relevant policy statement requires, in part, that the defendant be "suffering from a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is

7

not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). A "diagnosis of sarcoidosis does not necessarily establish an 'extraordinarily and compelling' circumstance warranting compassionate release." United States v. Moses, No. 3:01-CR-151, 2020 WL 6275010, at *3 (W.D.N.C. Oct. 26, 2020) (unpublished), appeal dismissed, No. 19-6050, 2023 WL 3496341 (4th Cir. May 17, 2023) (per curiam) (unpublished); see, e.g., United States v. Buchanan, No. 3:18cr199, 2020 WL 5026849, at *2 (E.D. Tenn. Aug. 24, 2020) (unpublished) (denying compassionate release to inmate diagnosed with sarcoidosis and hypertension); United States v. Barnes, No. 5:17cr313, 2020 WL 4760137, at *2 (E.D.N.C. Aug. 17, 2020) (unpublished) (assuming, without deciding, that inmate's sarcoidosis coupled with the pandemic was an extraordinary circumstance, but denying compassionate relief based on the Section 3553(a) factors); United States v. Mayfield, Cr. No. 07-801, 2020 WL 3604090, at *2–3 (D.N.J. July 2, 2020) (unpublished) (denying motion for compassionate release based on sarcoidosis even with approaching release date); United States v. Brown, No. 3:16CR209, 2020 WL 2926472, at *1–2 (W.D.N.C. June 3, 2020) (unpublished) (denying compassionate release to inmate with hypertension, diabetes, and pulmonary sarcoidosis);. Surles fails to plausibly allege that his sarcoidosis inhibits his ability to provide self-care in his correctional facility. Accordingly, reducing Surles's sentence because of his sarcoidosis does not comport with U.S.S.G. § 1B1.13(b)(1)(B).

As for the "unusually long sentence" policy statement, the policy statement instructs that if a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law may be considered as an extraordinary and compelling reason, but only after full consideration of the defendant's individualized circumstances. See U.S.S.G. § 1B1.13(b)(6). Surles did not receive an unusually long sentence and has not served at least 10

8

years of his term of imprisonment. Accordingly, reducing Surles's sentence because of a change in the law does not comport with U.S.S.G. § 1B1.13. See id. § 1B1.13(c).

Alternatively, Surles argues that "[i]f sentenced today, [Surles's] base offense level would likely lower from 24 to 12" because of intervening Fourth Circuit cases interpreting the advisory guidelines. [D.E. 82] 7.[2] Surles cites United States v. Campbell, 22 F.4th 438 (4th Cir. 2022) and United States v. Locklear, No. 19-4443, 2022 WL 2764421 (4th Cir. July 15, 2022) (per curiam) (unpublished) and argues that his North Carolina selling cocaine conviction and North Carolina attempted trafficking in opiates conviction are not "controlled substance offenses" under the advisory guidelines. See [D.E. 82] 5–7; see also PSR ¶¶ 23, 31, 60; U.S.S.G. § 2K2.1(a)(2).

In United States v. Miller, 75 F.4th 215 (4th Cir. 2023), the Fourth Circuit analyzed Campbell and United States v. Groves, 65 F.4th 166 (4th Cir. 2023), and held that a sell or deliver conviction under N.C. Gen. Stat. § 90-95(a)(1) constitutes a controlled substance offense under the advisory guidelines. See Miller, 75 F.4th at 228–31. Accordingly, Surles's North Carolina selling cocaine conviction is a controlled substance offense. See id.; PSR ¶ 23. Surles also has a North Carolina possession with intent to sell or deliver marijuana conviction, which is a controlled substance offense. See PSR ¶ 31; United States v. Corwin, 662 F. App'x 196, 197 (4th Cir. 2016) (per curiam) (unpublished). Thus, Surles's base offense level would not change because he has

---

[2] The government argues Surles cannot use a compassionate release motion to attack the validity of his sentence. See [D.E. 92] 11–14. Surles disagrees with the government's characterization of his argument and contends he seeks compassionate release because subsequent changes in the law are extraordinary and compelling circumstances. See [D.E. 93] 2–3. To the extent Surles challenges the validity of his sentence, the court rejects the argument. Surles's "exclusive method of collaterally attacking a federal conviction or sentence" is 28 U.S.C. § 2255. Ferguson, 55 F.4th at 270. Surles cannot use a compassionate release motion "to sidestep [section] 2255's requirements." Id.; see, e.g., Underhill v. United States, No. 4:08-cr-56, 2023 WL 8189751, at *6 (D.S.C. Nov. 27, 2023) (unpublished).

9

two convictions for controlled substance offenses. See U.S.S.G. § 2K2.1(a)(2). Accordingly, reducing Surles's sentence because of his cited change in the law does not comport with U.S.S.G. § 1B1.13.

Surles mentions "his efforts at rehabilitation," including taking 127 courses over two months while in custody. [D.E. 78] 3; see id. at 15; [D.E. 82] 3, 10; [D.E. 82-1] 1–4. Surles also describes his reentry plan. See [D.E. 78] 7. Unlike in Davis, in which the defendant "was a model inmate" and provided "evidence of rehabilitation," Surles fails to explain his efforts at rehabilitation beyond taking classes and fails to provide evidence of rehabilitation from his correctional facility. Davis, 2024 WL 1662931, at *6–7; cf. [D.E. 77] 7 n.3. Accordingly, the court declines to grant Surles compassionate release on this basis. See U.S.S.G. § 1B1.13(d).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Surles's sarcoidosis, Surles's rehabilitation efforts, and Surles's reentry plan are extraordinary and compelling reasons under section 3582(c)(1)(A). The section 3553(a) factors, however counsel against reducing Surles's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Surles is 38 years old and is incarcerated for possessing a firearm as a convicted felon. See PSR ¶¶ 1–11. When law enforcement discovered the stolen firearm while executing a search warrant at Surles's residence, law enforcement also found 45.98 grams of cocaine, 284.45 grams of marijuana, and 150 dosage units of Alprazolam. See id. at ¶¶ 7, 61. Surles claimed responsibility for the drugs. See id. at ¶ 7. Surles is a recidivist with convictions for possession of cocaine, selling cocaine (two counts), possession of marijuana (four counts), possession of drug paraphernalia (two counts), possession with intent to sell marijuana, resisting a public officer, and attempted trafficking of opiates. See id. at ¶¶ 16–31. Surles has not performed well on supervision,

10

including violating conditions of his pretrial release in this case. See id. at ¶¶ 21, 23, 28, 31; [D.E. 36].

The court has considered Surles's risk for exposure to COVID-19, his medical conditions, his poor performance on supervision, his efforts at rehabilitation while incarcerated, and his release plan. Cf. Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. Having considered the entire record, the BOP's actions to address COVID-19, the section 3553(a) factors, Surles's arguments, the government's persuasive response, Surles's serious criminal conduct and extensive criminal history, Surles's poor history on supervision, Surles's rehabilitation efforts, and the need to punish Surles for his serious criminal behavior, to incapacitate Surles, to promote respect for the law, to protect society, and to deter others, the court declines to grant Surles's motion for compassionate release. See, e.g., Concepcion v. United States, 597 U.S. 481, 498–501 (2022); Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 480–81; United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; Kibble, 992 F.3d at 331–32; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

Surles also moves for relief under Amendment 821. See [D.E. 81]. Courts may not reduce a defendant's sentence under Amendment 821 if Amendment 821 "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). "The Amendment is applicable to [Surles], but does not have the effect of lowering [his] guideline

11

imprisonment range." [D.E. 99]; see also [D.E. 99-2] (Surles's counsel notifying probation that they "do not intend to file a motion" under Amendment 821). Thus, reducing Surles's sentence does not comport with U.S.S.G. § 1B1.10. See U.S.S.G. § 1B1.10(a)(2)(B); see, e.g., United States v. Chapman, No. 2:19-CR-58, 2024 WL 474905, at *2 (S.D.W. Va. Feb. 7, 2024) (unpublished).

IV.

In sum, the court DENIES defendant's motion for a sentence reduction [D.E. 81] and defendant's motion for compassionate release [D.E. 78].

SO ORDERED. This _3_ day of May, 2024.

JAMES C. DEVER III
United States District Judge